**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 18 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

v.

ANGEL SOTO-SANCHEZ,

　　　　　Defendant - Appellant.

No. 14-50505

D.C. No. 3:13-cr-02743-CAB-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted February 3, 2016[**]
Pasadena, California

Before: REINHARDT, PAEZ, and M. SMITH, Circuit Judges.

　　Angel Soto-Sanchez appeals his conviction for being a Removed Alien

Found in the United States in violation of 8 U.S.C. § 1326(a) and (b). This court

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

has jurisdiction to review the final judgment of the district court under 28 U.S.C. § 1291.

Soto-Sanchez argues that the district court erred in failing to charge the jury with his proposed "official restraint" instruction. To be "found in the United States" within the meaning of § 1326, the defendant must have been free from "official restraint," including constant surveillance, from the time he or she crossed the border until apprehension. *See United States v. Castellanos-Garcia*, 270 F.3d 773, 775 (9th Cir. 2001). A defendant is entitled to have a jury instruction on any defense theory "which provides a legal defense to the charge against him and which has some foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility." *United States v. Yarbrough*, 852 F.2d 1522, 1541 (9th Cir. 1988). However, "mere speculation" does not entitle the defendant to such an instruction. *Castellanos-Garcia*, 270 F.3d at 776. "Where the parties dispute whether the evidence supports a proposed instruction, we review a district court's rejection of the instruction for an abuse of discretion." *United States v. Bello-Bahena*, 411 F.3d 1083, 1089 (9th Cir. 2005).

There was no abuse of discretion in the district court's determination that the evidence did not support an "official restraint" instruction. Soto-Sanchez and a companion were apprehended about a half-mile north of the Mexican border after

2

Border Patrol Agent Michael Stewart noticed footprints on a trail in Goat Canyon. Agent Stewart followed the footprints to an area of brush and discovered Soto-Sanchez and his companion under some tree branches, curled up in the fetal position. Agent Stewart testified that he had not received any information from other agents that led him to discover these two individuals, and that after calling for backup, he learned that he was the only agent in the area. Although Soto-Sanchez adduced evidence that border patrol agents sometimes survey the canyon from a lookout point, such generalized evidence is insufficient to require an "official restraint" instruction. *See Castellanos-Garcia*, 270 F.3d at 777. *Cf. Bello-Bahena*, 411 F.3d 1083, 1090–91 (holding that an official restraint instruction was required where one agent, using a night scope, had guided another agent to the defendant).

Even if there was sufficient evidence to support Soto-Sanchez's official restraint theory, the district court gave an official restraint instruction (albeit not the one proposed by defense counsel) after closing arguments. Defense counsel did not object to this instruction. Reviewing for plain error, we find no merit in Soto-Sanchez's argument that the instruction ultimately given by the district court was improper. *See United States v. Hofus*, 598 F.3d 1171, 1175 (9th Cir. 2010). The instruction correctly stated the law and sufficiently informed the jury of the

3

requirement that a defendant cross the border free of "official restraint" in order to be convicted under 8 U.S.C. § 1326.

The judgment of the district court is **AFFIRMED**.